IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FRITZ K. HOBT, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:04-cv-345 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) | |
| Defendant | ) | |

**<u>MEMORANDUM AND ORDER</u>**

      This is an action seeking Disability Insurance Benefits and Supplemental Security Income Benefits. In a report and recommendation dated March 11, 2005, a United States Magistrate Judge of this district recommended that the Commissioner's motion to dismiss for lack of subject matter jurisdiction be granted, and his report and recommendation was ultimately accepted by this court. That order was reversed by the United States Court of Appeals for the Sixth Circuit and the action remanded to the Social Security Administration for a hearing on the merits of plaintiff's claim. That hearing resulted in an award of benefits to the plaintiff.

Currently pending are motions by plaintiff for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) [Court File #32], or, alternatively, for approval of a 25% attorney fee of $13,887.75 pursuant to 42 U.S.C. § 406(b) [Court File #40]. For the reasons that follow, plaintiff's motion for attorney fees under the EAJA will be denied, but his petition for approval of § 406(b) attorney fees will be granted.

In order to be entitled to receive attorney fees under the EAJA, a litigant against the United States government must meet three requirements: (1) the petition must be timely filed; (2) he must be an "eligible party" as defined within the EAJA; and (3) he must have prevailed in his litigation against the government. *See* 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(B). If these requirements are met, the "prevailing party" is entitled to EAJA fees unless the government's position is substantially justified or special circumstances make an award unjust. *See* 42 U.S.C. § 2412(d)(1)(A). In this case, although the plaintiff was a prevailing party, the court finds that the Commissioner's position was substantially justified. Specifically, given the factual distinctions between this case and *McKentry v. Secretary of Health & Human Services*, 655 F.2d 721 (6th Cir. 1981), and that *McKentry* did not address the jurisdictional issues, the Secretary was substantially justified in relying on *Hilmes v. Secretary of Health & Human Services*, 983 F.2d 67 (6th Cir. 1993), as the controlling authority.

In addition, the court finds that plaintiff's EAJA petition was not timely filed. Under the EAJA, a successful litigant must apply for fees within 30 days of the final judgment. 28 U.S.C. § 2412(d)(1)(B). For purposes of determining the timeliness of EAJA applications, the term "final judgment" means a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). An appellate court remand decision under sentence four of 42 U.S.C. § 405(g) becomes final for purposes of filing EAJA petitions 90 days after the decision is entered because that is when the time for filing a petition for *certiorari* with the United States Supreme Court expires. *See* Supreme Court Rule 13. In this case, the 90-day period within which to file a petition for *certiorari* began to run on April 11, 2006, when the United States Court of Appeals for the Sixth Circuit issued its unpublished order remanding the matter to the Commissioner for an administrative hearing. The 90-day period expired on July 10, 2006. Therefore, plaintiff was required to file his EAJA petition no later than August 9, 2006. Plaintiff did not file that petition until August 22, 2006.

Plaintiff contends that the time for filing of the EAJA petition began to run from the date of the district court order. However, there was no district court order remanding the case to the Social Security Administration because the order of the Sixth Circuit specifically stated: "We REVERSE the order of the district court and REMAND to the SSA for a hearing on the merits of plaintiff's claim," and that is exactly what occurred. Accordingly, plaintiff's EAJA claim was not timely.

The defendant submits no opposition to the petition for attorney fees under 42 U.S.C. § 406(b)(1) and plaintiff's counsel is clearly entitled to recover the fee. Accordingly, the defendant Commissioner is DIRECTED to pay Attorney Kenneth A. Miller the 25% fee withheld by the Commissioner in the amount of Thirteen Thousand, Eight Hundred Eighty-Seven Dollars and 75 cents ($13,887.75).

In light of the foregoing, plaintiff's petition for award of fees [Court File #32] is DENIED, but his petition for approval of 406(b) attorney fees [Court File #40] is GRANTED.

**E N T E R :**

  *s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE